THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAVERNE LAVARIAS, | ) | CIVIL NO. 09-00120 JMS/LEK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS |
| | ) | RAY MABUS AND UNITED |
| vs. | ) | STATES DEPARTMENT OF |
| | ) | NAVY'S MOTION TO DISMISS |
| UNITED STATES DEPARTMENT | ) | |
| OF THE NAVY; RAY MABUS; | ) | |
| CORY BENJAMIN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## ORDER GRANTING DEFENDANTS RAY MABUS AND UNITED STATES DEPARTMENT OF NAVY'S MOTION TO DISMISS

On March 23, 2009 Plaintiff Laverne Lavarias ("Plaintiff") filed a

Complaint alleging that Defendants United States Department of the Navy (the

"Navy"), Navy Secretary Donald C. Winter,[1] and Navy military police officer

Corey Benjamin ("Benjamin") violated her Fourth Amendment rights, Title VII,

and committed the state law tort of intentional infliction of emotional distress

---

[1] Pursuant to Federal Rule of Civil Procedure 25, Secretary Ray Mabus (the "Secretary")
is automatically substituted as a Defendant for Donald C. Winter as Secretary of the Navy.

("IIED") based on allegations that Benjamin peeped on Plaintiff in the Pearl

Harbor Naval Base ladies' restroom on August 22, 2005.[2]

Currently before the court is the Secretary's and the Navy's

(collectively, "Government Defendants") Motion to Dismiss ("Government

Defendants' Motion").  Based on the following, the court GRANTS Government

Defendants' Motion.

## I.  BACKGROUND

### A.    Factual Background

#### 1.    *Allegations in the Complaint*

On August 22, 2005, Plaintiff alleges that she was employed as a

security guard by Hui O'Kakoa Security and assigned to work the Halawa Gate at

Pearl Harbor Naval Base.  Compl. ¶¶ 6-7.  Because the day was hot and Plaintiff

was wearing a bullet-proof vest, she went to the women's restroom to wash herself.

*Id.*  While washing, she discovered that a military police officer (later identified as

Benjamin) was watching her.  *Id.* ¶ 7.[3]

---

[2]  On April 1, 2009, this court DISMISSED count II of Plaintiff's Complaint against the Navy and the Secretary and DISMISSED count IV of Plaintiff's Complaint against the Navy, the Secretary, and Benjamin in his official capacity.

[3]  Plaintiff also claims that after Benjamin peeped on her on August 22, 2005, Benjamin told the other security guards that he saw her naked in the bathroom.  Compl. ¶ 8.

Plaintiff reported the August 22, 2005 peeping incident (the "August 22, 2005 incident") to the Honolulu Police Department and the Navy. *Id.* ¶ 10.

Plaintiff alleges that the August 22, 2005 incident shocked, upset, and embarrassed her, *id.* ¶ 8, and that, as a result, she suffered from post-traumatic stress and was put on home rest by her doctor. *Id.* ¶ 11. Plaintiff claims that sometime after the incident her boss called her and "accused her of being mentally ill" and "said that he wanted her back to work by the time he came back from Guam." *Id.*[4] Plaintiff claims that she could not return to work because she feared for her safety because Benjamin was armed, and that she ended up losing her job and her personal vehicle "due to the stress this incident caused her." *Id.* ¶¶ 11-12.

Plaintiff alleges that the Navy was aware that Benjamin had a history of sexual harassment, "yet due to negligence allowed him to work alongside the Plaintiff" and that the Navy did not discipline Benjamin after the August 22, 2005 incident occurred. *Id.* ¶ 13; *see also id.* ¶ 10.

### 2.   *Administrative Claim*

Plaintiff filed an administrative claim with the Navy in March 2006 regarding the August 22, 2005 incident. Atkins Decl. ¶ 4. On May 19, 2008, Navy

---

[4] While not entirely clear, it appears that Plaintiff's "boss" was a Hui O'Kakoa Security employee. *See* Compl. ¶¶ 6, 11.

Tort Claims Division Officer Roger Atkins ("Officer Atkins") denied Plaintiff's administrative claim by a letter sent by certified mail to Plaintiff's counsel at 1188 Bishop Street, Suite 1909, Honolulu, HI 96813.  *Id.* ¶¶ 4, 6.[5]  On June 18, 2008, the U.S. Postal service returned the original letter to Officer Atkins with the note "return to sender unclaimed unable to forward."  *Id.* ¶ 6; Defs.' Mot. Exs. A-B (original envelope and original denial letter).  On the same day, Officer Atkins sent a copy of the denial letter to Plaintiff's counsel at the same address via regular mail.  *Id.* ¶ 7.  The copy of the denial letter was not returned.  *Id.*

Plaintiff's counsel asserts that "[t]he uncertified denial letter was not received by November 2008 and the complaint was filed within six months of [its] receipt."  Pl.'s Opp'n 11.

**B.     Procedural Background**

Based upon these events, Plaintiff filed a Complaint on March 23, 2009 claiming that (1) all Defendants violated Title VII, Compl. ¶¶ 15-16, and her Fourth Amendment rights pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), Compl. ¶¶ 19-20, and (2) Benjamin committed the

---

[5]  This is the address that Plaintiff's counsel provided in filing the administrative form and in filing Plaintiff's Complaint with this court.  Additionally, Plaintiff's counsel confirmed at the hearing that this is his current address and that he has been at this address throughout the relevant time period.

state law tort of IIED.  *Id.* ¶ 18.  Plaintiff requests compensatory and punitive

damages and injunctive relief.  *Id.* at 6.

On April 1, 2009, this court entered an Order (1) Granting Plaintiff's

Application to Proceed Without Prepayment of Fees and (2) Dismissing Plaintiff's

Complaint in Part ("April 1, 2009 Order").  The April 1, 2009 Order dismissed

Plaintiff's *Bivens* claims against the Navy, the Secretary, and Benjamin in his

official capacity and dismissed Plaintiff's claim for punitive damages as to the

Navy and the Secretary.

On May 29, 2009, Government Defendants filed their Motion to

Dismiss.  Plaintiff filed an Opposition on July 25, 2009.  Government Defendants

filed a Reply on July 31, 2009.  A hearing was held on August 12, 2009.

## II.  <u>STANDARDS OF REVIEW</u>

**A.     Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss

claims over which it lacks proper subject matter jurisdiction.  The court may

determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule

12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of

a case."  *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195

(9th Cir. 2008).

Pursuant to Rule 12(b)(1), a party may make a jurisdictional attack that is either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* at 1039. A factual attack occurs when the movant "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

**B.      Rule 12(b)(6): Failure to State a Claim**

Rule 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Moss v. U.S. Secret Serv.*, --- F.3d ---, 2009 WL 2052985, at *6 (9th Cir. July 16, 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief[.]"). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions."

*Iqbal*, 129 S. Ct. at 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8.  *Id.* at 1950.

## III.  ANALYSIS

Government Defendants argue that this court lacks jurisdiction to hear Plaintiff's common law tort claims brought under the Federal Tort Claims Act ("FTCA") because Plaintiff failed to commence suit within the statutory period. Government Defendants also argue that the court should dismiss Plaintiff's Title VII claims because (1) as an independent contractor, she was not protected under Title VII and (2) she is collaterally estopped from bringing her Title VII claim.  For the foregoing reasons, the court GRANTS Government Defendants' Motion.

///

///

///

**A.    Plaintiff's FTCA Claim**

Government Defendants argue that the court lacks jurisdiction over

Plaintiff's FTCA claims.  To the extent count III of Plaintiff's Complaint brings an

FTCA claim, that claim is DISMISSED.

*1.    Law*

As a sovereign, the United States may not be sued without its consent,

and the terms of its consent define the court's jurisdiction.  *United States v. Dalm*,

494 U.S. 596, 608 (1990); *see also McGuire v. United States*, 550 F.3d 903, 910

(9th Cir. 2008) ("It is well settled that the United States is a sovereign, and, as

such, is immune from suit unless it has expressly waived such immunity and

consented to be sued.  Where a suit has not been consented to by the United States,

dismissal of the action is required . . .  [because] the existence of such consent is a

prerequisite for jurisdiction." (citation and quotation signals omitted)).  Sovereign

immunity extends to the Navy as a federal agency and to the Secretary and

Benjamin acting in their official capacities.  *See Weber v. Dep't of Veterans*

*Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) ("In order for a plaintiff to bring a

viable suit against the federal government or its agencies, the government must

have waived its sovereign immunity."); *Aminoil U.S.A., Inc. v. Cal. State Water*

*Res. Control Bd.*, 674 F.2d 1227, 1233 (9th Cir. 1982) (noting sovereign immunity

extends to officers acting in their official capacities); *LeCrone v. U.S. Navy*, 958 F. Supp. 469, 473 n.3 (S.D. Cal. 1997) ("Actions may not be brought against federal agencies or federal officers acting in their official capacities because of the bar of sovereign immunity.").

The FTCA waives sovereign immunity for claims against the United States arising out of common law torts committed by federal employees so long as suit is commenced within six months of mailing the notification of the final denial of an administrative claim.  28 U.S.C. §§ 1346(b)(1), 2401 ("A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."); *Berti v. V.A. Hosp.*, 860 F.2d 338, 340 (9th Cir. 1988) (noting that "the federal government has consented to be sued for the torts of its employees if the 'action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented'" (citing § 2401(b))); *see also Dalm*, 494 U.S. at 608 ("A statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms [defining the court's jurisdiction to entertain the suit]."). "[T]he date of the initial mailing of a properly certified or registered letter" -- and not the date of the

letter's receipt -- "begins the six-month statutory period."  *Berti*, 860 F.2d at 340.

Further, because a court lacks jurisdiction over a late filed FTCA claim, such a

claim may not be saved by the doctrines of either equitable estoppel or equitable

tolling.  *See Marley v. United States*, 567 F.3d 1030, 1034 (9th Cir. 2009).

FTCA suits are allowed against the United States only, and not against

federal agencies or officers.  *See* 28 U.S.C. §§ 1346(b), 2679(a); *Allen v. Veterans*

*Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) ("The Federal Tort Claims Act

provides that the United States is the sole party which may be sued for personal

injuries arising out of the negligence of its employees."); *see, e.g.*, *LeCrone*, 958 F.

Supp. at 475 (dismissing FTCA claim, in part, because plaintiff named Navy as a

defendant but not the United States).

### 2.    *Application*

As a preliminary matter, any FTCA claim that Plaintiff brings must be

dismissed because she has not sued the proper party -- that is, she has not named

the United States as a Defendant.  *See* 28 U.S.C. §§ 1346(b), 2679(a); *Allen*, 749

F.2d at 1388 (dismissing FTCA claim brought against Veterans Administration and

not United States).

The court should grant Plaintiff leave to amend to add the United

States as a party unless granting such leave would be futile.  *See Moss*, 2009 WL

2052985, at *8 (stating that dismissal without leave to amend may be granted where "the complaint could not be saved by any amendment").

Here, the Navy sent a denial of Plaintiff's administrative claim to Plaintiff's counsel via certified mail on May 19, 2008, Atkins ¶ 6, Defs.' Exs. A-B, beginning the six month statute of limitations period pursuant to 28 U.S.C. § 2401(b). Thus, under the statute, Plaintiff's deadline to file a FTCA claim against the United States was November 19, 2008. Plaintiff did not file this action until March 23, 2009, approximately four months after the statute of limitations lapsed. Accordingly, this court would lack jurisdiction over Plaintiff's FTCA claim against the United States. Because Plaintiff failed to file her Complaint within the applicable statute of limitations, the court will not grant Plaintiff leave to amend to add the United States as a party. *See Allen*, 749 F.2d at 1389 (refusing to grant leave to amend to add United States where "[t]he United States Attorney and the Attorney General were not served before the statute of limitations ran" and "the United States did not otherwise receive notice of Allen's suit prior to the running of the statute of limitations").

The court, therefore, DISMISSES Plaintiff's FTCA claim WITHOUT

LEAVE TO AMEND.[6]

## B.     Plaintiff's Title VII Claim

Government Defendants argue that Plaintiff's Title VII claim must be

dismissed because it is barred by collateral estoppel.  The court agrees.

### 1.     *Collateral Estoppel*

"[I]ssue preclusion [or collateral estoppel] prevents a party from

relitigating an issue decided in a previous action if four requirements are met:

'(1) there was a full and fair opportunity to litigate the issue in the previous action;

(2) the issue was actually litigated in that action; (3) the issue was lost as a result of

a final judgment in that action; and (4) the person against whom collateral estoppel

is asserted in the present action was a party or in privity with a party in the

previous action.'"  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir.

2008) (quoting *U.S. Internal Revenue Serv. v. Palmer*, 207 F.3d 566, 568 (9th Cir.

2000)).  Collateral estoppel may be used defensively "to prevent a plaintiff from

asserting a claim the plaintiff has previously litigated and lost against another

---

[6]  Plaintiff's argument that the statute of limitations on her FTCA claim did not begin to
run until her counsel actually received the agency denial letter was explicitly rejected in *Berti v.
Veterans Administration Hospital*, 860 F.2d 338, 340 (9th Cir. 1988).  Additionally, the four year
statute of limitations for claims brought under 42 U.S.C. § 1981 is wholly inapplicable.  *See* Pl.'s
Opp'n 10-11.

defendant." *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.4

(1979).

Prior to this action, Plaintiff brought a Title VII claim against Hui

O'Kakoa Security in this court based upon the same August 22, 2005 incident

alleged in the Complaint (the "previous action").[7]  *See Lavarias v. Hui O Ka Koa,*

*LLC*, 2007 WL 3331866, at *1 (Nov. 7, 2007).  On November 7, 2007, Judge

David Alan Ezra granted summary judgment for defendant Hui O'Kakoa Security

on her Title VII claim because the August 22, 2005 incident did not rise to the

level of actionable sexual harassment under Title VII -- that is, the incident was not

severe enough as a matter of law to establish a hostile work environment.  *See id.*

at *5-6.  Judge Ezra explained that:

> Plaintiff complains of a single, sexually harassing incident, that
> is, the restroom incident, which she perceived as being
> subjectively hostile and offensive.  The Court has no doubt that
> seeing a man in a women's restroom, peeking through an
> opening in a door while the woman is washing herself partially
> undressed at the sink would be subjectively hostile, offensive,
> and plain embarrassing.  Nonetheless, that incident, as offensive
> and inappropriate as it was, does not rise to the level of a hostile
> work environment.  The Ninth Circuit has recognized that a
> single incident of sexually harassing conduct may rise to the
> level of a hostile work environment, but only if it is "extremely
> severe." *Brooks v. City of San Mateo*, 229 F.3d 917, 926 (9th

---

[7] In the previous action, Plaintiff brought claims under Title VII and Hawaii state law.
*See Lavarias v. Hui O Ka Koa, LLC*, 2007 WL 3331866, at *1 (Nov. 7, 2007).

Cir. 2000); *see also Saxton v. Am. Tel. & Telegraph Co.*, 10 F.3d 526, 533 (7th Cir. 1993) (finding that "'relatively isolated' instances of non-severe misconduct will not support a hostile environment claim").  Sexual assault or rape serve as examples of isolated incidents that might rise to the level of a hostile work environment.  *See Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 967 (9th Cir. 2002); *id.* (citing *Al-Dabbagh v. Greenpeace, Inc.*, 873 F. Supp. 1105, 1111 (N.D. Ill. 1994)).  Even if such an "extremely severe" episode comes to pass, however, the Court still must determine whether that "single incident can so permeate the workplace as to support a hostile work environment claim."  *Id.*  The Court finds that, in the instant case, the single incident of sexual harassment alleged in the women's restroom, while offensive to any reasonable woman, "did not impair [Plaintiff's] ability to do her job in the long-term."  *Brooks*, 229 F.3d at 926.  If the "peeping Tom" had approached Plaintiff or assaulted her in any way, a different result may follow.  But, the isolated act of staring at Plaintiff in a women's restroom during the day time in an incident that lasted only a matter of minutes would not, to a reasonable woman, create an objectively offensive working environment.

Still, Plaintiff would argue that the inappropriate reaction of her coworkers, that is, their laughter at the incident, created an objectively hostile work environment.  The Court . . . disagree[s], finding that, while the reaction of Plaintiff's co-workers may have been inappropriate, given the situation, their one-time reaction "did not so pollute the workplace that it altered the conditions of her employment."  *Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003).  Based on the factual allegations, the Court finds that Plaintiff has failed to create a genuine issue of material fact concerning whether the restroom event could amount to a hostile work environment because, based on the facts, that isolated incident legally could not rise to that level.  The Court, therefore, GRANTS summary judgment on Plaintiff's hostile work environment claim based on sexual harassment under Title VII[.]

*Id.*, at *5-6 (footnotes omitted).

Applying the *Kendall* factors, Plaintiff is collaterally estopped from asserting a Title VII claim against Government Defendants in this action.  First, Plaintiff had a "full and fair opportunity" to litigate her Title VII claim, based upon the same set of facts that underlie her current Complaint, in the previous action. Second, the issue before this court -- whether the August 22, 2005 incident rose to the level of discrimination under Title VII -- was actually litigated.  In other words, the previous court found that the set of facts Plaintiff complains of in her current Complaint (*i.e.*, that Benjamin peeped at her washing in the ladies' restroom on August 22, 2005), even if true, do not state a valid Title VII claim.[8]  Finally, the summary judgment order on Plaintiff's Title VII claim was final and Plaintiff was a party in the previous action.[9]

Thus, Plaintiff is barred from bringing a Title VII claim based on the August 22, 2005 incident.[10]

---

[8]  Plaintiff's argument that the Navy's and Benjamin's specific actions were not before the jury provides her no relief because this issue -- whether Benjamin's peeping rose to the level of an actionable Title VII violation -- was litigated at the summary judgment stage, not at trial. *See* Pl.'s Opp'n 7.

[9]  Plaintiff's remaining claims went to trial, and a jury found for defendant Hui O'Kakoa Security on April 3, 2009.

[10]  Government Defendants also argue that Plaintiff has failed to state a valid Title VII claim because, as an independent contractor, Plaintiff is not entitled to Title VII protection. *See* Def.'s Mot. 3-4.  Because collateral estoppel bars Plaintiff from bringing her Title VII claim, the court need not address this issue.

### 2.    *Leave to Amend*

Should the court be inclined to dismiss any of her causes of action,

Plaintiff requests leave to amend. *See* Pl.'s Opp'n 11-12.  Pursuant to Rule

15(a)(2), courts should "freely give leave [to amend] when justice so requires" and

"requests for leave should be granted with 'extreme liberality.'" *See Moss*, 2009

WL 2052985, at *8.  "Dismissal without leave to amend is improper unless it is

clear . . . that the complaint could not be saved by any amendment." *See id.*

Plaintiff, however, is collaterally estopped from bringing her Title VII

claim.  As such, this claim could not be saved by any amendment.  Accordingly,

the court DISMISSES count I of Plaintiff's Complaint WITHOUT LEAVE TO

AMEND.

## IV.  <u>CONCLUSION</u>

Based upon the above, the court GRANTS Government Defendants'

Motion.  The court DISMISSES WITHOUT LEAVE TO AMEND Plaintiff's

FTCA claims in count III of her Complaint and Plaintiff's Title VII claim in count

I of her Complaint.

///

///

///

All that remains are Plaintiff's IIED, *Bivens*, and punitive damages claims against Benjamin in his individual capacity.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 18, 2009.



 /s/ J. Michael Seabright

J. Michael Seabright
United States District Judge

*Lavarias v. United States Dep't of the Navy et al.*, Civ. No. 09-00120 JMS/LEK, Order Granting Defendants Ray Mabus and United States Department of Navy's Motion to Dismiss