IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAVERNE LAVARIAS, | ) | CV. NO. 09-00120 DAE-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF THE NAVY; RAY MABUS, Secretary of the Navy; and CODY BENJAMIN, Department of the Navy Police, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING MOTION TO DISMISS DEFENDANT CODY BENJAMIN

On April 8, 2011, the Court heard Defendant Cody Benjamin's Motion to Dismiss. Andre' S. Wooten, Esq., appeared at the hearing on behalf of Plaintiff Laverne Lavarias; Thomas A. Helper, Esq., appeared on behalf of Defendant Cody Benjamin. After reviewing the motion and the supporting and opposing memoranda, the Court **GRANTS** Defendant's Motion to Dismiss Defendant Cody Benjamin (Doc. # 46).

BACKGROUND

I.    Factual Background

On August 22, 2005, Plaintiff alleges that she was employed as a security guard by Hui O'Kakoa Security and assigned to work the Halawa Gate at Pearl Harbor Naval Base. (FAC ¶ 4.) On that day Plaintiff went into the bathroom to wash herself. (Id.) While washing, she allegedly discovered that a military police officer, later identified as Cody Benjamin ("Defendant"), was watching her.[1] (Id. ¶ 7).

Plaintiff reported this incident to the Honolulu Police Department and the Navy. (Id. ¶¶ 7–8.)

Plaintiff alleges that the August 22, 2005 incident shocked, upset, and embarrassed her, (id. ¶ 6), and that, as a result, she suffered from post-traumatic stress and was put on home rest by her doctor (id. ¶ 9). Plaintiff claims that sometime after the incident her boss called her and "accused her of being mentally ill" and "said that he wanted her back to work by the time he came back from Guam." (Id. ¶ 6.) Plaintiff claims that she could not return to work because she

---

[1] According to Plaintiff's counsel, Benjamin entered the women's restroom first because the men's restroom was infested with cockroaches. The Plaintiff later entered the women's restroom to change and it was then that Benjamin allegedly saw her. Plaintiff also claims that after the incident Benjamin told the other security guards he had seen Plaintiff undressed. (FAC ¶ 6.)

feared for her safety because Benjamin was armed, and that she ended up losing her job and her personal vehicle "due to the stress this incident caused her." (Id. ¶¶ 9–10.) Plaintiff alleges that Defendant had a history of sexual harassment, and that the Navy did not discipline Benjamin after the incident occurred. (Id. ¶ 11.)

II. Procedural Background

A. Administrative Claim

Plaintiff filed an administrative claim with the Navy in March 2006 regarding the August 22, 2005 incident. (Atkins Decl. ¶ 4, Doc. # 8-2.). On May 19, 2008, Navy Tort Claims Division Officer Roger Atkins ("Officer Atkins") denied Plaintiff's administrative claim by a letter sent by certified mail to Plaintiff's counsel at 1188 Bishop Street, Suite 1909, Honolulu, HI 96813. (Id. ¶¶ 4, 6.) On June 18, 2008, the U.S. Postal service returned the original letter to Officer Atkins with the note "return to sender unclaimed unable to forward." (Id. ¶ 6.) On the same day, Officer Atkins sent a copy of the denial letter to Plaintiff's counsel at the same address via regular mail. (Id. ¶ 7.) The copy of the denial letter was not returned. (Id.)

B. Proceedings in this Court

Based upon these events, Plaintiff filed a Complaint on March 23, 2009 claiming that (1) all Defendants violated Title VII, (Compl. ¶¶ 15–16, Doc.

3

#1), and her Fourth Amendment rights pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), (id. ¶¶ 19–20), and (2) Benjamin committed the state law tort of IIED (id. ¶ 18).  Plaintiff requested compensatory and punitive damages and injunctive relief.  (Id. at 6.)

On April 1, 2009, United States District Judge J. Michael Seabright entered an Order (1) Granting Plaintiff's Application to Proceed Without Prepayment of Fees and (2) Dismissing Plaintiff's Complaint in Part ("April 2009 Order").  (Doc. # 4.)  The April 2009 Order dismissed Plaintiff's Bivens claims against the Navy, the Secretary, and Benjamin in his official capacity and dismissed Plaintiff's claim for punitive damages as to the Navy and the Secretary.

On August 18, 2009, Judge Seabright issued another Order Granting Defendants Ray Mabus and United States Department of Navy's Motion to Dismiss ("August 2009 Order").  (Doc. # 23.)  The August 2009 Order dismissed all claims except for Plaintiff's IIED, Bivens, and punitive damages claims against Benjamin in his individual capacity.

On October 10 2009, Plaintiff filed her First Amended Complaint.  ("FAC," Doc. # 26.)  Cody Benjamin is the only Defendant in this Complaint and Plaintiff has asserted only a Bivens claim and a punitive damages claim against Defendant.  (FAC ¶¶ 13–15.)

4

On November 26, 2010, Defendant filed the instant Motion to Dismiss Defendant Cody Benjamin ("Motion"). ("Mot.," Doc. # 46.) On March 18, 2011, Plaintiff filed her Opposition. ("Opp'n," Doc. # 54.) On March 24, 2011, Defendant filed his Reply. ("Reply," Doc. # 60.)

## STANDARD OF REVIEW

I.  Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule") "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts alleged to support a cognizable theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990)). Because a Rule 12(b)(6) motion to dismiss focuses on the sufficiency of a claim statement, review is generally limited to the face of the complaint. Lee v. City of Los Angeles, 250 F .3d 668, 688 (9th Cir. 2001) (citation omitted); Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994) (citations omitted). The Court must accept all allegations of material fact as true and construe them in a light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). The

Court, however, need not accept as true conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences. Id.

As to a plaintiff's pleading burden, the Supreme Court has held that while a complaint "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect" (quotations and citations omitted)).

Rule 12(b)(5) provides for dismissal for insufficient service of process. Rule 4(e)(2), in turn, states that an individual may be served by any of the

6

following methods: (1) following state law for serving a summons; (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. The plaintiff bears the burden of establishing that service was valid under Rule 4. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

## DISCUSSION

I.   Service on the Defendant

Defendant first asks this Court to dismiss the case because of Plaintiffs alleged failed to properly serve the Summons and Complaint pursuant to Rule 4. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." In re Focus Media Inc., 387 F.3d 1077, 1081 (9th Cir. 2004). Service is the "means by which a court asserts its jurisdiction over the person." SEC v. Ross, 504 F.3d 1130, 1138 (9th Cir. 2007). Therefore, a court has "no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." Id. at 1138–39. The

7

Ninth Circuit has stated that there is no personal jurisdiction unless Defendants have been served in accordance with Rule 4, but the Ninth Circuit has also "described the service requirements of Rule 4 as 'a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'" Id. at 1140 (quoting Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988)); Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982). A court may exercise personal jurisdiction over a defendant if the plaintiff can demonstrate "substantial compliance" with Rule 4. Ross, 504 F.3d at 1140 (quoting Direct Mail, 840 F.2d at 688). Actual notice, however, without substantial compliance with Rule 4, will not provide personal jurisdiction. Id.

As noted Rule 4(e)(2) states that an individual may be served by "leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B).[2] Defendant succinctly asserts that Plaintiff delivered the

---

[2] The Court notes that Rule 4(e)(1) permits service according to the law governing the state where service is made. In the instant action that state would be Idaho. Plaintiff, however, has not asserted that Defendant was served in accordance with the laws of Idaho. In any event, the Court notes that the Idaho Rules of Civil Procedure mirror the Federal Rules of Civil Procedure and would not help the Plaintiff. See Idaho R. Civ. P. 4(d)(2).

complaint at his mother's residence in Washington State rather than his dwelling or usual place of abode. (Mot. at 5–6.) In support of his position, Defendant has filed a declaration whereby he asserts he has not lived at the Washington address since 2002. ("Benjamin Decl.," Doc. # 41-2, ¶ 2.) Instead, Defendant states that he has resided in Idaho since January 2008. (Id.)

Plaintiff's argument in response is that the Washington address was the address that the Navy had "on file" when Plaintiff requested information. (Opp'n at 4.) Plaintiff argues that for Defendant now to assert his residence is in Idaho is "specious . . . and most self-serving." (Id.) The Court disagrees. Defendant enlisted in the Navy in July 2002, the last month he lived at the Washington address. (Benjamin Decl. ¶ 2.) It was perfectly logical for the Defendant to provide his Washington address as his primary residence when he enlisted such that the Navy would now have it "on file." Since July 2002, Defendant claims he has resided in many locations, consistent with what one would expect from an enlisted sailor, before settling in Idaho. (Id.)

In any event, Plaintiff is mistaken in her assertion that Defendant was "lawfully served" because she served his "residence on record." (Opp'n at 4.) Rule 4(e)(2) is clear, a Plaintiff must leave "a copy of the summons and complaint at the individual's dwelling or usual place of abode" rather than a "residence on

9

record." Fed. R. Civ. P. 4(e)(2)(B). The burden of demonstrating compliance with Rule 4 is squarely on Plaintiff. Brockmeyer, 383 at 801. Plaintiff has proffered no evidence to suggest that Defendant lied in his declaration or that the Washington address is in actuality his residence. Plaintiff has therefore failed to comply with the terms of Rule 4.

The Court is cognizant that "the service requirements of Rule 4 . . . should be liberally construed so long as a party receives sufficient notice of the complaint." SEC 504 F.3d at 1140. Indeed, a court may exercise personal jurisdiction over a defendant if the plaintiff can demonstrate "substantial compliance" with Rule 4. Ross, 504 F.3d at 1140 (quoting Direct Mail, 840 F.2d at 688). Plaintiff, however, offers no argument on this point. At any rate, the Court need to resolve this issue. Even assuming a liberal construction of Rule 4 would suffice to defeat Defendant's Rule 12(b)(5) motion under these circumstances, the Court, as discussed infra, finds that the Statue of Limitations has expired on the instant cause of action.

II.     Statute of Limitations

As noted, Defendant also asserts that the Statute of Limitations on Plaintiff's Bivens cause of action has run. For a Bivens claim "'the law of the forum state determines the statute of limitations . . . .'" Pesnell v. Arsenault, 543

F.3d 1038, 1043 (9th Cir. 2008) (quoting Papa v. United States, 2831 F.3d 1004, 1009 (9th Cir. 2002)); see also W. Ctr. for Journalism v. Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2000) ("the statute of limitations period is derived from state law"); Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir. 1991) ("[W]e hold that the personal injury statute of limitations properly applies to Bivens claims.") Although state law determines the statute of limitations, federal law determines when the cause of action accrues. Pesnell, 543 F.3d at 1043 (citing Papa, 2831 F.3d at 1009); see also Cederquist, 235 F.3d at 1156. In the Ninth Circuit "a claim accrues under federal law when the plaintiff knows or has reason to know of the actual injury." Lukovsky v. San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008) (citing Inlandboatmens Union of Pac. v. Dutra Group, 279 F.3d 1075, 1081 (9th Cir. 2002)); cf. Wallace v. Kato, 549 U.S. 384, 384 (2007) ([T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."). However, "'[t]olling provisions for Bivens claims are borrowed from the forum state.'" Pesnell, 543 F.3d at 1043 (quoting Papa, 2831 F.3d at 1009).

In Hawaii the statute of limitations for personal injury is two years. See H.R.S. § 657-7 ("Actions for the recovery of compensation for damage or

injury to persons or property shall be instituted within two years after the cause of action accrued.")

Here the incident allegedly took place on August 22, 2005 and Plaintiff did not file suit until three and a half years later on March 23, 2009. (See Compl. ¶ 6.) Indeed, the very latest the claim could have accrued was on September 6 2006, when Plaintiff filed a lawsuit against her employer for the same incident. See <u>Lavarias v. Hui O Ka Koa, LLC</u>, No. 06-00481 DAE-LEK, 2007 WL 3331866, at *1 (D. Haw. Nov. 7, 2007). Even assuming the claim did not accrue until September 6, 2006, Plaintiff still had to file the instant Complaint against the Defendant by September 6, 2008. Plaintiff, as noted, did not file until March 23, 2009.

Plaintiff erroneously argues that the Statute of Limitations should be tolled per the Federal Tort Claims Act ("FTCA"), but Plaintiff no longer has an FTCA claim, and, in any event, courts look to the forum's state law to determine whether a tolling provision applies to a <u>Bivens</u> cause of action. <u>Pesnell</u>, 543 F.3d at 1043 ("Tolling provisions for <u>Bivens</u> claims are borrowed from the forum state." (quoting <u>Papa</u>, 2831 F.3d at 1009)). In Hawaii, "[i]n order to toll a statute of limitations for a complaint filed after its expiration, a plaintiff must demonstrate "(1) that he . . . has been pursuing his right diligently, and (2) that some

12

extraordinary circumstance stood in his way. . . . Extraordinary circumstances are circumstances that are beyond the control of the complainant and make it impossible to file a complaint within the statute of limitations." Office of Haw. Affairs v. State, 133 P.3d 767, 789 (Haw. 2006) (quotations and citations omitted); see also Narmore v. Kawafuchi, 143 P.3d 1271, 1278 n.15 (Haw. 2006) ("Equitable tolling is defined as the doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." (citations and quotations omitted)). Plaintiff has made no such showing. Office of Haw. Affairs, 133 P.3d at 789 (noting the burden for equitable tolling is on the plaintiff). Moreover, the Court has conducted a careful independent review of the record before it and cannot conclude there is any basis for equitable tolling. Plaintiff pursued her rights diligently by filing suit against her employer well within the applicable time frame and was therefore clearly capable of also filing suit against Defendant in his individual capacity at that time. Her decision not to do so is only attributable to her. Further, the record simply does not reveal any extraordinary circumstance that would warrant tolling in this context. The Court therefore **GRANTS** Defendant's Motion. The Court hereby **DISMISSES** Plaintiffs' Bivens claim.

The Court wants also to be clear that it in no way condones the alleged conduct or finds it in anyway acceptable. Nonetheless, the Court has grave concerns that the facts as Plaintiff has alleged them simply do not rise to the level of a Constitutional violation. See <u>Arnold v. United States</u>, 816 F.2d 1306, 1310 (9th Cir. 1987); <u>Otto v. Heckler</u>, 781 F.2d 754, 757 (9th Cir. 1986). As with the service argument discussed <u>supra</u>, however, the Court need not resolve this issue as it is abundantly clear that the Statute of Limitations on this cause of action has lapsed.

III. <u>Punitive Damages</u>

Although alleged as a separate cause of action, Plaintiff's claim for punitive damages is derivative of her <u>Bivens</u> allegation. (See Compl. ¶ 13. ("The Defendants, each of them jointly and severally, acted wilfully, wantonly, oppressively, and with malice that implies a spirit of mischief or criminal indifference in violating the Plaintiff's civil rights.") Because the Court has dismissed the substantive claim, there remains no grounds upon which the Court could award punitive damages to Plaintiff. See <u>Soone v. Kyo-Ya Ca., Ltd.</u>, 353 F. Supp. 2d 1107, 1117 (D. Haw. 2005). Plaintiff's claim for punitive damages is hereby **DISMISSED**.

IV.     Dismissal with Prejudice

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires." Further, "requests for leave should be granted with extreme liberality." Moss v. U.S. Secret Service, 572 F.3d 962, 792 (9th Cir. 2009). "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by an amendment." Id. Here, the Court finds that no amendment could save the Complaint. The Bivens cause of action is time barred and the record reveals no excuse for tolling the Statute of Limitations.[3] Nothing Plaintiff can plead with respect to the alleged incident will change this result. Accordingly the Court finds that "it is clear . . . that the complaint [cannot] be saved by an amendment." Moss, 572 F.3d at 792. The Court therefore denies Plaintiff leave to amend the complaint.

---

[3] Indeed, when the Court pressed Plaintiff's counsel at the Hearing for a justification as to why the Statute of Limitations should be tolled he had no response.

CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss Defendant Cody Benjamin (Doc. # 46).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 11, 2011.



David Alan Ezra
United States District Judge

Lavarias v. United States Department of the Navy et al., Cv. No. 09-00120 DAE-RLP; ORDER GRANTING MOTION TO DISMISS DEFENDANT CODY BENJAMIN